The People *v.* Fauerback.

---

SUPREME COURT. New York General Term, September, 1862. *Ingraham, Barnard* and *Clerke,* Justices.

## THE PEOPLE *v.* JACOB FAUERBACK.

To authorize a conviction under the act passed April 23, 1862, entitled "An act to prevent the adulteration of milk and to prevent the traffic in impure and unwholesome milk," it is necessary to aver in the complaint or indictment, and to prove on the trial, that milk was adulterated with the view of offering it for sale or exchange. A charge that the defendant had adulterated milk, without stating the object of such adulteration, is insufficient.

Whether mixing water with milk is an adulteration within the meaning of the statute — *Quere?*

THE defendant had been tried and convicted, before a Court of Special Sessions in the city of New York, of an offense under the statute (*ch.* 467 *of the Laws of* 1862).

The conviction was brought before this court for review, and the facts are sufficiently stated in the opinion of the court.

*By the Court,* INGRAHAM, P. J.   The defendant was arrested, tried and convicted before the Court of Special Sessions, under the act to prevent the adulteration of milk, &c., passed April 23, 1862.

The charge against the defendant is, that "at the time of his arrest he was adulterating the milk with water which he had in one of the cans in his wagon."   The return is, that "the charges of the complaint were sustained by evidence, according to the tenor of said complaint;" that "the prisoner's counsel objected to any evidence of weakening milk by water, on the ground that the statute did not include such an act." The prisoner was fined $50.

It admits of some doubt whether mixing water with milk was intended by the terms, "to adulterate milk."   The evident intent of the statute was, as stated in the title of the act, to prevent the traffic in impure and unwholesome milk, Whether the addition of water to milk, without any other ingredient, renders it impure or unwholesome, is certainly not so clearly settled as to enable a court so to find without some evidence to establish that fact.   At any rate, there should be evidence furnished to the court, to statisfy them that the additions were of such a character as would adulterate the milk, or render it impure or unwholesome.

It is not for the court to say that such an effect would be produced by adding water, without any evidence on this point. If the legislature had so intended, they would have made the offense to consist of any mixture whatever being made with the milk.   Whether the effect of such a mixture is to adulterate the original article, is a question of fact to be decided upon evidence, and not to be held as a matter of law.

In the present case, however, the return does not show any state of facts to warrant a conviction for any offense.   All the evidence in the case that is submitted to us is, that the prisoner was adulterating milk with water which he had in a can in his wagon.   What quantity of milk he had, for what purpose it was to be used, or what the employment of the prisoner was, does not appear.   I do not understand that the law

prevents any one from mixing milk and water together, unless it is done with the intent of offering it for sale or exchange. This is just as necessary to be proven in order to make out the offense, as it is to prove the adulteration. Such intent may be inferred from the quantity of milk, the mode of carrying it, the employment of the prisoner or his declarations, but surely the court should require some evidence, both of adulteration and of the purpose of the prisoner as to the sale of the adulterated article, before a man should be convicted of an offense for which he might be sentenced to fine and imprisonment without limit.

We think the evidence did not warrant the conviction, and the charge in the complaint was not a charge of the offense stated in the statute, without an allegation that the prisoner intended to offer the article for sale after the adulteration.

The judgment should be reversed.

---

SUPREME COURT. New York General Term, May, 1862.
*Ingraham, Leonard* and *Clerke*, Justices.